# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Kang Lu<br><br>*Plaintiff,*<br><br>v.<br><br>Ann E. Dargie, Lawrence F. Army, Jr., and Cindy Shippee,<br><br>*Defendants.* | Civil Action No. _____<br><br>**CIVIL ACTION TO REDRESS**<br><br>**DEPRIVATION OF RIGHTS**<br><br>**Jury Trial Demanded** |

### INTRODUCTION

1)   I, Kang Lu, present myself *in propria persona* to seek redress for the deprivation of my rights and a declaratory judgement in a case of actual controversy arising under the Constitution and laws of the United States. The defendants' have acted in concert and willfully conspired to deprive me of my rights under color of ***Title IV*** of the Social Security Act, within the meaning of ***18 U.S. Code § 241*** and ***§ 242***. The constitutionality of a statute is not questioned.

### PARTIES

2)   I am Kang Lu, the party bringing the suit. I am a Citizen of New Hampshire, residing in Cheshire county, and former husband to defendant Cindy Shippee. I receive mail and other communication at 106 Sewell Ave. Apt #3, in Brookline Massachusetts. My phone number and email are 413-300-2102 and *libertywithoutlicense@gmail.com*.

3) Defendant Cindy Shippee ("Cindy") is a Massachusettsan, and my former wife. She is a pharmacist and receives mail and other communication at 141 Springfield Road in Westfield Massachusetts. Her phone number and email are 413-841-0734 and *c81rella@yahoo.com*.

4) Defendant Ann E. Dargie ("Dargie"), is an attorney who purports to represent the interests of Cindy. Her place of business is 200 North Main Street, Suite 104 in East Longmeadow, MA 01028. Her email and phone number are *anndargie@jenniferthornlaw.com* and 413-739-1257.

5) Defendant Lawrence F. Army, Jr. ("Army") is a contractor for the Department of Revenue — Child Support Enforcement Division, pursuant to an Interdepartmental Service Agreement, "***ISA DOR12010164TRC24A***[1]," ("***ISA***"). His place of business is the family and probate court at 50 State Street, P.O. Box 559, Springfield, MA 01102. His official phone number and email are 413-748-7760 and *lawrence.army@jud.state.ma.us*.

6) I reserve the right to join additional defendants as necessary, conformably to the laws.

## VENUE, FORUM AND JURISDICTION

7) The United States District Court for the District of Massachusetts is the proper venue in accordance with ***28 U.S. Code § 1391(b)(1)***, as all the defendants are residents of the State in which the district is located. This Court is a court of record created under ***28 U.S. Code § 132***, and it is vested by Article III of the United States Constitution with the power to adjudicate private rights disputes.

---

[1] *https://www.macomptroller.org/isa/*: "The Interdepartmental Service Agreement (ISA) is the contract that documents the business agreement (joint venture) between two Commonwealth departments within any branch of state government." Also see ***815 CMR 6.00***.

8) This Court has original jurisdiction of all civil actions arising under the Constitution and the laws of the United States pursuant to *28 U.S. Code § 1331*, including civil actions to redress deprivation of rights pursuant to *28 U.S. Code § 1343(a)(3)* and *42 U.S. Code § 1983*.

9) This Court also has the power of declaratory judgement pursuant to *28 U.S. Code § 2201*, with further necessary or proper relief as may be granted under *28 U.S Code § 2202*.

## CLAIMS

10) Defendants Cindy, Dargie, and Army have acted in concert and conspired under color of state laws, such as those in *G. L. chapter 119A* and others, to subject me to the willfully deprivation of rights and equal protection under the Constitution or laws of the United States.

11) In doing so, they have disrupted ties with my natural children, imposed pretended support obligations upon me, and threatened me with imprisonment.

12) I have warned Cindy from time to time of their attempts to extend, an unwarrantable jurisdiction over me. I have appealed to her native justice and magnanimity, and I have raised the best interests of our sons to implore them to disavow these usurpations. They have been deaf to the voice of justice and common interest. Therefore, I have no choice but to bring action against these lawless and rapacious persons. Please reference the *Declaration of Independence*.

13) As private actors, Defendants Dargie and Cindy are subject to civil action under *42 U.S. Code § 1983* because "Private persons, jointly engaged with state officials in the prohibited action, are acting 'under color' of law for purposes of the statute. To act 'under color' of law does not require that the accused be an officer of the State. It is enough that he is a willful participant in joint activity with the State or its agents." *United States v. Price*, 383 U.S. 787, 94 (1966).

14) Defendant Army is a state actor, whose acts are subject to as applied challenge "brought against [a defendant] who, claiming to act as [an officer] of the State, and under color of a statute which is valid and constitutional, but wrongfully administered by [him], commit, or threaten to commit, acts of wrong or injury to the rights and property of the plaintiff, or make such administration of the statute an illegal burden and exaction upon the plaintiff." *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 136 (1984), internal quotation omitted.

15) Where defendants fail to deny each of the allegations enumerated below, then such allegation is admitted in accordance with *Rule 8 (b)(6)*:

## FACTUAL ALLEGATIONS

16) Cindy and I were married in Massachusetts in 2006. We had our first son in 2007, and were divorced in 2010 pursuant to a private Separation Agreement ("Agreement"), which was approved and incorporated into a judgment of divorce by a court of law.

17) In case of future dispute, the Agreement specifically requires "a court of law," to "enforce, interpret or modify the judgment."

18) There has never existed a "support order" within the meaning of the term defined in *G. L. c. 119A, § 1A*; and, the defendants have repeatedly failed to produce such a document.

19) In 2014, Cindy and I reconciled, began to cohabitate, and had our second son in 2016. We held ourselves and our sons in public as a family, until our separation *circa* 2017.

20) These significant change of circumstances prompted me to "offer good-faith, fair and equal negotiations" starting on 11/9/2017; which, together with numerous subsequent offers of negotiation pursuant to the Agreement were consistently unacknowledged.

21) Defendant Cindy breached the terms of our Agreement by refusing good-faith, fair and equal negotiations. In February 2018, she retained Attorney M. Begley to help her evade modifications to the Agreement "in a court of law."

22) In order to maximize her pecuniary gains, defendant Cindy deliberately and with knowledge contracted with and "through the Department of Revenue[2]" ("DOR," "IV-D Agency," or "Collection Agency"), to evade judicial modification of our Agreement by an impartial judge "in a court of law."

23) On 3/22/2018, I served Attorney Begley and her client Cindy with a notice of extra-judicial trespass, and renewed my offer of negotiations in good-faith. Upon notice of her mistakes, Attorney Begley motioned, and withdrew assistance to Cindy on 3/29/2018.

24) Undaunted and with reckless disregard for our Agreement and for the published laws, defendant Cindy retained Dargie, who appeared as her counsel in the summer of 2018.

25) In order to evade adjudication of our private rights dispute in a court of law, the defendants combined, and sentiently set in motion an unconscionable scheme calculated to interfere with the judicial system's ability to impartially adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of my claim or defense, see *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1118 (1st Cir. 1989).

26) In doing so, they deprived me of my access to a court of law, to due process, and to equal protection under the laws. Their misuse of the State's administrative proceedings (see *G. L. c. 30A, § 1* "adjudicatory proceeding") has largely separated me from my sons, imposed pretended support obligations upon me, and threatened me with imprisonment under color of law.

---

[2] Attorney M. Begley's NOTICE OF HEARING ON MOTION, February 22, 2018.

27) Color of law means the appearance of legal authority or an apparently legal right that does not in fact exist. As used to describe the defendants' abuse of authority under color of law, it is the illegal and reckless misapplication or violation of the following laws:

## COUNTS (I — X)

I. Despite reporting a gross income of $195,550, total assets of $1,669,058 in 2023, and having never received aid from the State for the welfare of our sons, defendant Cindy did willfully combine and conspire with the others to misapply *Title IV* of the Social Security Act, which establishes "Grants to states for aid and services to needy families with children and for child-welfare services," codified at *42 U.S. Code §§ 601-687*.

II. Together, the defendants deliberately and fraudulently claim that I owe "a support obligation," enforceable under *Title IV-D*, which *42 U.S. Code § 651* states is "For the purpose of enforcing the support obligations owed by noncustodial parents…;" where the term "support obligation" means "support rights assigned to the State … shall constitute an obligation owed to such State…" see *42 U.S. Code § 656(b)*.

III. Based on this deliberately fraudulent claim, the defendants willfully misapplied *42 U.S. Code 666* to institute an expedited judicial procedure for "enforcing support obligations," when no such obligation exists.

IV. By fraudulently instituting an expedited judicial procedure to enforce a pretended support obligation, defendants Army and Dargie conspired to deprive me of my constitutionally secured rights to due process and equal protection under the law, including my right to access a judicial

court with an impartial and independent judge for the adjudication of a private rights dispute arising under a divorce agreement.

V. To effectuate this unconscionable scheme calculated to evade an actual court of law, Defendant Army donned the solemn robe of a judicial officer, and pretended to act as a "justice of the trial court" as described in *G. L. c. 215, § 1*, with full knowledge that "child support hearing officers … shall not be justices or clerk-magistrates of the trial court," see *G. L. c. 221B, § 2* and *Federal Manual of Child Support Enforcement*.

VI. Defendants Dargie and Cindy, leveraging their symbiotic relationship with defendant Army, illegally imposed an exaction on me under the threat of incarceration. They deliberately concealed material information in a setting of fiduciary obligation, including the fact that defendant Army performs "court activities" under an Interdepartmental Service Agreement "*ISA*," to maximize collections for the State's IV-D Agency; and that the Agency receives "incentive payments computed as a percentage of" child support collections, *45 CFR § 304.12* under "cooperative arrangements" for "securing support" under *45 C.F.R. § 302.34*.

VII. By acting as an "Object Class AA State employee" who is "fully or partially funded[3]" by the state Collection Agency that receives "incentive payments," defendant Army departed from his judicial function and "insinuated [him]self into a position of interdependence with [the private parties] that the [defendants] must be recognized as joint participant[s] in the challenged activity." See the "symbiotic relationship" test, *Brunette v. Humane Society of Ventura County*, 294 F.3d 1205, 1210 (9th Cir. 2002) and *Burton v. Wilmington Parking Authority*, 365 U.S. 715, 725 (1961).

---

[3] *ISA DOR12010164TRC24A* and State Comptroller's *Expenditure Classification Handbook*.

VIII.   Defendant Army willfully violated the State's Conflict of Interest Law, *G. L. c. 268A, § 6* when, as a as a "public employee" holding a "major policymaking position in a governmental body" *G. L. c. 268B, § 1*, he participated in a "particular matter[4]" in which he has a financial interest. See also *18 U.S. Code § 208*, an officer or employee of the executive branch who participates personally and substantially in a judicial proceeding or other particular matter in which he has a financial interest shall be subject to the penalties set forth in *18 U.S. Code § 216*.

IX.   Even if an actual conflict of interest violation can not be proven beyond reasonable doubt, the defendants' symbiotic and contractual relationship with the IV-D Agency created an appearance of conflict, which violates *G. L. c. 268A, § 23(b)(3)*, as it subverts the public's trust, including, in this case, the parties who appear in this particular matter.

X.   Defendant Dargie and Cindy's willful misuse of the State's IV-D Agency to collect on a pretended support obligation by an administrative proceeding incentivized defendant Army to violate the Constitution and to subvert "our most valuable Laws, and altering fundamentally the Forms of our Government," see *Declaration of Independence*. Thus, defendant Army violated the separation of powers doctrine set forth in *Article 30* of the Massachusetts Declaration of Rights: "…the judicial shall never exercise the legislative and executive powers, or either of them: to the end it may be a government of laws and not of men;" see also, *Muskrat v. United States*, 219 U.S. 346, 352 (1911): "neither the legislative nor the executive branches can constitutionally assign to the judicial any duties but such as are properly judicial, and to be performed in a judicial manner."

---

[4] *G. L. c. 268A, § 1(k)* "Particular matter" includes any judicial or other proceeding, … request for a ruling or other determination, contract, claim, controversy, charge, accusation, arrest …etc.

## CONCLUSION

28.     No public right is in dispute. The liability of a man to a woman arising under a divorce agreement is a matter of private rights; and, "the power to adjudicate 'private rights' must be vested in an Art. III court, ... [as] private rights disputes, ... lie at the core of the historically recognized judicial power." *Northern Pipeline v. Marathon Pipeline*, 458 U.S. 50, 77 and 70 (1982). Defendants' deliberately fraudulent misuse of the State's executive powers for the collection of a pretended support obligation is an unconscionable scheme calculated to evade "a court of law" and to interfere with the fair administration of justice. They have collectively, and willfully subjected me to the depravation of my rights secured by the Constitution or the laws of the United States within the meaning of *18 U.S. Code, §§ 241* and *§ 242*; and unlawfully and maliciously threatened me with incarceration, with intent thereby to extort money or any pecuniary advantage, or with intent to compel me to do any act against my will within the terms described in *G. L. c. 265, § 25*, attempted extortion, see also *18 U.S. Code § 872*.

## WHEREFORE:

I, Kang Lu, the party bringing the suit, pray that this Court shall

29.     Enter a declaration that *Title IV* and child support enforcement services under *G. L. c. 119A* of General Laws *Title XVII* for the "PUBLIC WELFARE" is unconstitutional as applied to me; and order defendant Army to surcease his "court activities" pursuant to an Interdepartmental Service Agreement, as 1) there is no support order actionable under a public right, 2) there is no support obligation, 3) there is no arrearage owed to the State or enforceable under State law, and 4) there is no assignment to the State of medical support, see *45 CFR § 303.11*.

30. Order defendant Cindy to request case closure under **45 CFR § 303.11(b)(12)** because 1) she is not a **Title IV-A** service recipient, 2) there is no support order, 3) there is no support obligation, 4) there is no assignment to the State of medical support under **42 CFR 433.146**, and 5) is there no assignment to the State of arrearages which accrued under a support order.

31. Order payment of treble the "support obligation" that is fraudulently alleged by the defendants, and reasonable compensation for my suffering and legal costs cognizable under **42 U.S.C. 1983**, for which the defendants shall be jointly and severally liable.

32. Grant any such other and further relief as the Court may deem proper.

### JURY DEMAND

33. I demand a trial by jury of all issues so triable under Federal Civil Procedure **Rule 38**.

Dated: June 27th, 2024.

Respectfully submitted,

/s/ Kang Lu

Kang Lu
*in propria persona*
106 Sewall Ave, # 3
Brookline Massachusetts
libertywithoutlicense@gmail.com
Voicemail: 413-300-2102